UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER JOSEPH QUAGLIN,<br><br>*Petitioner,*<br><br>v.<br><br>MERRICK B. GARLAND, *et al.*,<br><br>*Respondents*. | Civil Action No. 22-1154 (TNM) |

**RESPONDENT MERRICK B. GARLAND'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT**

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, Respondent Merrick B. Garland ("Respondent"), by and through undersigned counsel, respectfully moves for an extension of time, to and through July 15, 2022, to file a response to Petitioner Christopher Joseph Quaglin's ("Petitioner") petition (ECF No. 1).  Respondent inadvertently missed the Court's deadline for filing an extension motion due to an error by undersigned counsel's supervisor; however, as explained below, there is good cause to grant this motion.  The grounds for this motion are set forth below:

1.     On April 8, 2022, Petitioner, a pretrial detainee in Virginia, filed a petition for writ of habeas corpus and complaint alleging, *inter alia,* a violation of his First, Fifth, Sixth, and Eighth amendment rights.  *See generally* Petition.  On May 16, 2022, Petitioner served the United States Attorney General and the United States Attorney with a 60-day summons.  *See* ECF Nos. 11, 12.  Respondents' initial deadline to respond to the petition was July 15, 2022, *see* Fed. R. Civ. P. 12(a)(2); however, by Minute Order, on May 25, 2022, the Court ordered all Respondents to respond to the petition by June 7, 2022.  *See* May 25, 2022, Minute Order.

2.      Respondent respectfully requests an extension of time, to and through July 15, 2022, to file his response to Petitioner's petition and this is Respondent's first request for an extension. There is good cause for granting this motion. *See Mann v. Castiel*, 681 F.3d 368, 375 (D.C. Cir. 2012) (explaining that good cause simply "means a valid reason for delay").

3.      Respondent inadvertently missed the Court's deadline to file an extension motion due to an oversight by undersigned counsel's supervisor, which resulted in undersigned counsel being assigned this matter the day of the June 7, 2022, deadline. Counsels for the Respondent Garland sincerely regret this error and apologizes to the Court.

4.      Upon realizing the error, and pursuant to Local Civil Rule 7(m), undersigned counsel immediately contacted the other parties via email, explained the error, and requested their position for the requested relief herein. Undersigned counsel requested that the parties provide their position by no later than 4:00 pm today. Respondent Ted Hull, through counsel, consented to the relief before 4:00 pm today. When undersigned counsel did not receive Petitioner's position by 4:00 pm, undersigned counsel called Petitioner's attorney. The attorneys for Respondent Garland and Petitioner briefly spoke and Petitioner's attorney mentioned that based on the allegations in the petition, he could not agree to the July 15, 2022 deadline, but requested additional time to confer with his co-counsel. Undersigned counsel consented. Approximately two hours later, undersigned counsel contacted Petitioner's attorney again and requested Petitioner's position. Petitioner's attorney stated he still needed to speak with his co-counsel and would be in touch soon. After waiting approximately two hours, undersigned counsel followed up via email and requested Petitioner's position by no later than 8:00 pm. As of this filing, undersigned counsel has not received a response.

5.      Respondent graciously requests an extension of time, to and through July 15, 2022,

to file a response to the petition. Respondent needs additional time to properly review the allegations alleged in the petition and prepare an appropriate response to the petition. Further, within the next few weeks, undersigned counsel has filing deadlines for more than eight dispositive motions (or replies) and a myriad of joint status reports, and two depositions, a court appearance, and two witnesses' preps scheduled. Unfortunately, due to the demands of undersigned counsel's docket of active cases, undersigned counsel needs additional time to complete research and the consultation with supervising Assistant United States Attorneys, which are necessary for preparing the response to the petition. Consequently, Respondent respectfully requests a reasonable amount of additional time, in light of undersigned's busy schedule, to and though July 15, 2022, to conduct legal research, confer with supervising Assistant United States Attorneys, and finalize Respondent's response to the Petition. Further, the brief extension would not prejudice the parties, nor will the requested extension significantly delay resolution of this matter.

*   *   *

Consequently, Respondent graciously requests an extension of time, to and through July 15, 2022, to file a response to Petitioner's petition. A proposed order is attached.

Dated: June 7, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

 /s/ Stephanie R. Johnson
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER JOSEPH QUAGLIN,

*Petitioner,*

v.

MERRICK B. GARLAND, *et al.*,

*Respondents.*

Civil Action No. 22-1154 (TNM)

## **[PROPOSED] ORDER**

Upon consideration of Respondent Merrick B. Garland's Motion for Extension of Time to File a Response to Petitioner's Petition for Writ of Habeas Corpus and Complaint and the entire record in this matter, it is hereby:

ORDERED that Respondent's Motion is GRANTED; and it is further

ORDERED that Respondent shall respond to Petitioner's petition by no later than July 15, 2022.

Dated this ___ day of _____, 2022.

_____
Trevor N. McFadden
UNITED STATES DISTRICT JUDGE