UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER JOSEPH QUAGLIN, <br><br> *Petitioner,* <br><br> v. <br><br> MERRICK B. GARLAND, <br> Attorney General, *et al.*, <br><br> *Respondents*. | Civil Action No. 22-1154 (TNM) |

## THE ATTORNEY GENERAL'S MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), Respondent Merrick B. Garland, in his official capacity as United States Attorney General, by and through undersigned counsel, respectfully moves to dismiss Christopher Joseph Quaglin's Petition for Writ of Habeas Corpus.[1]  In support of this motion, the Attorney General respectfully refers the Court to the accompanying memorandum of law and attached exhibits.  A proposed order is submitted herewith.

\*   \*   \*

---

[1]     Merrick B. Garland, the U.S. Attorney General, is the only federal Respondent.  Ted Hall, the other named Respondent, is the Superintendent of the non-federal facility where the Petitioner is currently confined.

Dated: June 21, 2022                   Respectfully submitted,

                                                                            MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
United States Attorney's Office
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
Stephanie.Johnson5@usdoj.gov

*Attorneys for Respondent Merrick B. Garland*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER JOSEPH QUAGLIN, <br><br> *Petitioner,* <br><br> v. <br><br> MERRICK B. GARLAND, <br> Attorney General, *et al.*, <br><br> *Respondents*. | Civil Action No. 22-1154 (TNM) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE ATTORNEY GENERAL'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

Table of Contents ...................................................................................................................... i

Table of Authorities .................................................................................................................. ii

Background ............................................................................................................................... 1

Legal Standards ......................................................................................................................... 2

    I.      Rule 12(b)(2) ............................................................................................. 2

    II.     Rule 12(b)(3) ............................................................................................. 2

    III.    Rule 12(b)(6) ............................................................................................. 3

Argument ................................................................................................................................... 3

    I.      Petitioner's Habeas Claim Should Be Dismissed Because the Underlying Issues Should Be Litigated In His Criminal Case And Not In a Parallel Civil Action. ... 3

    II.     Petitioner Failed to File the Habeas Petition In the Proper Venue and Failed to Join The Correct Party as Respondent Garland Is Not the Warden of the Facility Where Petitioner is Being Detained. ............................................................................... 6

Conclusion ................................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases**

**Page**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)) ..................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................................3

*Black v. City of Newark*,
535 F. Supp. 2d 163 (D.D.C. 2008) ...........................................................................................2

*Braden v. 30th Jud. Cir. Ct.*,
410 U.S. 484 (1973) ................................................................................................................ 6-7

*Chatman-Bey v. Thornburgh.*,
864 F.2d 804 (D.C. Cir. 1988) ...................................................................................................6

*Davis v. U.S. Sentencing Comm'n*,
716 F.3d 660 (D.C. Cir. 2013) ...................................................................................................6

*Dufur v. Parole Comm'n*
No. 18-5233, 2022 WL 1596668 (D.C. Cir. May 20, 2022) ......................................................6

*First Chi. Int'l v. United Exch. Co.*,
836 F.2d 1375 (D.C. Cir. 1988) .................................................................................................2

*Gon v. Gonzales*,
534 F. Supp. 2d 118 (D.D.C. 2008) ...........................................................................................5

*Guerra v. Meese*,
786 F.2d 414 (D.C. Cir. 1986) ...................................................................................................7

*Hall v. Pratt*,
97 F. App'x 246 (10th Cir. 2004) ..............................................................................................4

*Hamilton v. Paulson*,
No. 07-1365 (RBW), 2008 WL 4531781 (D.D.C. Oct. 10, 2008) .............................................3

*Helmer v. Doletskaya*,
393 F.3d 201 (D.C. Cir. 2004)) .................................................................................................2

*Jerome Stevens Pharms. Inc. v. FDA*,
402 F.3d 1249 (D.C. Cir. 2005) .................................................................................................2

*Livnat v. Palestinian Auth.*,
851 F.3d 45 (D.C. Cir. 2017) .....................................................................................................2

*Modaressi v. Vedadi*,
441 F. Supp. 2d 51 (D.D.C. 2006) ........................................................................................... 2

*Monk v. Secretary of Navy*,
793 F.2d 364 (D.C. Cir. 1986) ............................................................................................. 7-8

*Morrow v. Terrell*,
715 F.Supp.2d 479 (S.D.N.Y. 2010) ....................................................................................... 4

*Myers v. Holiday Inns, Inc.*,
915 F. Supp. 2d 136 (D.D.C. 2013) ......................................................................................... 2

*O'Neal v. Keenan*,
Civ. A. No. 13-0180 (PLF), 2013 WL 4129872 (D.D.C. Aug. 9, 2013) ............................... 3-5

*Papasan v. Allain*,
478 U.S. 265 (1986) ................................................................................................................. 3

*Pendleton v. Mukasey*,
552 F. Supp. 2d 14 (D.D.C. 2008) ........................................................................................... 3

*Rooney v Sec'y of the Army*,
405 F.3d 1029 (D.C. Cir. 2005) ............................................................................................... 7

*Rumsfeld v. Padilla*,
542 U.S. 426 (2004) .............................................................................................................. 6-8

*Stokes v. U.S. Parole Comm'n.*,
374 F.3d 1235 (D.C. Cir. 2004) ............................................................................................... 7

*Thomas v. Fulwood*,
128 F. Supp. 3d 341 (D.D.C. 2015), *aff'd* 2018 WL 3159148 (D.C. Cir. May 16, 2018) .......... 7-8

*United States v. Moore*,
Crim. No. 18-0198 (JEB), 2019 WL 2569659 (D.D.C. June 21, 2019) ................................... 4

*United States v. Pipito*,
861 F.2d 1006 (7th Cir. 1987) ................................................................................................. 5

**Statutes, Regulations, Rules, and Other Authorities**

18 U.S.C. § 3145 ....................................................................................................................... 5

28 U.S.C. § 2241 ................................................................................................................... 1, 5-7

Fed. R. Civ. P. 12 .................................................................................................................. 1-3, 8

Fed. R. Civ. P. 81 ...................................................................................................................... 2

Respondent Merrick B. Garland, the Attorney General of the United States, by and through the undersigned counsel, respectfully submits this memorandum in response to the Court's Order (Min. Order of May 24, 2022) and in support of his motion to dismiss the petition filed by Christopher Joseph Quaglin ("Petitioner") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2), 12(b)(3), and 12(b)(6).[2] Petitioner's habeas petition should be dismissed for two reasons: first, the issues pertaining to his confinement should be litigated in Petitioner's current criminal matter and not in a habeas suit; and second, Petitioner failed to file the habeas in the proper venue and named an improper party. Therefore, the Court should dismiss this petition for habeas with prejudice.

## BACKGROUND

Petitioner is a defendant in a criminal case currently pending in this Court. *See United States v. McCaughey*, Crim. No. 21-0040-4 (TNM) (D.D.C.). He was arrested pursuant to his participation in the protests and subsequent riot that occurred at the United States Capitol on January 6, 2021. *See* ECF No. 1, Petition ¶ 9. Petitioner has been in the custody of the United States Government since April 7, 2021. *Id.* Petitioner is awaiting a jury trial in his criminal case, which is scheduled to commence on October 3, 2022. *Id.* Petitioner is currently being held and housed at Northern Neck Regional Jail, a non-federal facility, located in Warsaw, Virginia as a federal pre-trial detainee. *See* ECF No. 1, Petition ¶ 1. On April 26, 2022, Petitioner filed this writ of Habeas Corpus, 28 U.S.C. § 2241, requesting his immediate release from confinement and alleging a violation of his First, Fifth, Sixth, and Eighth Amendment rights. *See generally* Petition.

---

[2] Ted Hall, the non-federal Respondent, is represented by other counsel.

**LEGAL STANDARDS**

The Rules apply to habeas proceedings unless there is a specific procedure provided by statute. Fed. R. Civ. P. 81(a)(4)(A).

I. **Rule 12(b)(2)**

Under Rule 12(b)(2), a court shall dismiss an action where it lacks personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). To survive a Rule 12(b)(2) motion to dismiss, a petitioner must "'make a *prima facie* showing of the pertinent jurisdictional facts.'" *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56-57 (D.C. Cir. 2017) (quoting *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)). The *prima facie* showing requires specific factual allegations connecting each defendant to the forum. *See First Chi. Int'l*, 836 F.2d at 1378. Unlike a motion under Rule 12(b)(6), the court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms. Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). "When deciding personal jurisdiction without an evidentiary hearing . . . the 'court must resolve factual disputes in favor of the [petitioner].'" *Livnat*, 851 F.3d at 57 (quoting *Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004)). The Court need not, however, "accept inferences drawn by [petitioners] if such inferences are unsupported by the facts." *Id.* (quoting *Helmer*, 393 F.3d at 209).

II. **Rule 12(b)(3)**

"Under [Rule] 12(b)(3), a defendant may, at the lawsuit's outset, test whether the petitioner 'has brought the case in a venue that the law deems appropriate.'" *Black v. City of Newark*, 535 F. Supp. 2d 163, 166 (D.D.C. 2008) (citing *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006)). The petitioner bears the burden of proving that venue is proper. *See Myers v. Holiday Inns, Inc.*, 915 F. Supp. 2d 136, 144 (D.D.C. 2013). "[Rule] 12(b)(3) instructs the court to dismiss

2

or transfer a case if venue is improper or inconvenient in the [petitioner's] chosen forum." *Hamilton v. Paulson*, Civ. A. No. 07-1365 (RBW), 2008 WL 4531781, at *2 (D.D.C. Oct. 10, 2008) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)).

### III.    Rule 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a Complaint where a petitioner fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the petitioner. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a petitioner's claims for relief.

### ARGUMENT

### I.    Petitioner's Habeas Claim Should Be Dismissed Because the Underlying Issues Should Be Litigated In His Criminal Case And Not In a Parallel Civil Action.

First, a defendant [or petitioner], may not use the habeas process to collaterally attack an ongoing criminal proceeding in federal court. *O'Neal v. Keenan*, Civ. A. No. 13-0180 (PLF), 2013 WL 4129872, at *1 (D.D.C. Aug. 9, 2013). Absent exceptional circumstances, a federal court may not entertain a habeas corpus petition by a defendant seeking to challenge aspects of his ongoing

federal criminal trial, as "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Id*. That is the case here. Petitioner currently has an ongoing criminal proceeding in federal court and has now filed this Petition as a collateral attack to the criminal action. Petitioner must therefore pursue his claims in his underlying criminal proceedings before presenting them in a habeas corpus petition. *See O'Neal*, 2013 WL 4129872, at *1 ("[Petitioner] must pursue her objections in the underlying criminal proceeding before presenting them in a habeas corpus petition"); *see also Morrow v. Terrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y. 2010) ("Because the issues that [petitioner] raises, if resolved in his favor, would be dispositive of the underlying criminal charges for which he has been indicted, he must exhaust his claims at trial and on direct appeal before he can assert them in a habeas action.").

Further, Petitioner's Petition should be dismissed to preserve the judicial economy, advance consistent rulings, and avoid duplicative litigation. In *Hall v. Pratt*, 97 F. App'x 246, 247-48 (10th Cir. 2004) (citations omitted), the Court ruled that "to be eligible for habeas corpus relief under Section 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy." *Id.* The *Hall* court further stated that "allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."'" *Id.* The court noted that in the petitioner's criminal proceeding, he failed to challenge his pretrial confinement as violating his Fifth and Sixth Amendment rights, though he was free to do so. *Id.* Petitioner's petition presents precisely the same danger, as the trial court has had no opportunity to rule on the issues Petitioner now raises.

4

Further, in *United States v. Moore*, Crim. No. 18-0198 (JEB), 2019 WL 2569659 (D.D.C. June 21, 2019), the issue was whether the petitioner's confinement within the D.C. Jail was unconstitutional and a violation of his due process rights. Similar to *Moore*, Petitioner here can challenge his confinement conditions in the criminal matter and need not do so by filing a habeas petition. Therefore, the petition for habeas should be dismissed. *See, e.g., O'Neal*, 2013 WL 4129872, at *1 (the petition for a writ of habeas corpus was denied and action dismissed because Petitioner could not use the habeas process to collaterally attack an ongoing criminal proceeding in federal court).

Further, Petitioner must exhaust his remedies under 18 U.S.C. § 3145. If Petitioner seeks to challenge his confinement, including alleged constitutional violations as a result of that confinement, Petitioner should seek revocation, amendment, or appeal of the detention order in his criminal case pursuant to 18 U.S.C. § 3145 not through a habeas petition. *See also Gon v. Gonzales*, 534 F. Supp. 2d 118, 119-20 (D.D.C. 2008) (dismissing habeas petition where petitioner could challenge pretrial detention order in underlying criminal proceeding pursuant to 18 U.S.C. § 3145); *see also United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (reviewing post-conviction challenge to pre-trial detention order, and holding that district court did not err in refusing to entertain detention order challenge under habeas provisions of 28 U.S.C. § 2241 where defendant had not followed the review procedures of 18 U.S.C. § 3145). Accordingly, Petitioner can raise his concerns regarding his confinement, including any constitutional violations, in his criminal case pursuant to 18 U.S.C. § 3145 and should not be allowed to circumvent the appropriate process by filing a petition in a habeas suit. Therefore, this Court should dismiss the petition for habeas.

5

II. **Petitioner Failed to File the Habeas Petition In the Proper Venue and Failed to Join The Correct Party as the Attorney General Is Not the Warden of the Facility Where Petitioner is Being Detained.**

To the extent the Court determines that the Petitioner properly brought a habeas petition and is requesting his immediate release under 28 U.S.C. § 2241, the matter should still be dismissed because he has filed the petition in the wrong venue and joined the wrong party as the Attorney General is not the warden of the facility where Petitioner is detained.

In this case, Petitioner is currently confined at the Northern Neck Regional Jail in Warsaw, Virginia. *See* Petition ¶ 16. The Northern Neck Regional Jail is not a federal facility but houses federal pretrial detainees. As a result, Petitioner's claim should have been brought only against the custodian or warden of the facility in which he is currently detained (the "immediate custodian rule") and in the venue in which the custodian resides (the "habeas venue rule"). *See Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, (D.C. Cir. May 20, 2022); *see also Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013); *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 442 (2004). It is "well settled that the appropriate defendant in a habeas action is the custodian of the prisoner." *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494-95 (1973). "The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer." *Id*. at 495 (internal quotations and citations omitted). Because Petitioner is being held in Warsaw, Virginia, he has brought his claims in the wrong venue. In this case, venue would lie in the Eastern District of Virginia, Petitioner's place of incarceration, not in the District of Columbia. Accordingly, this case should be dismissed for a lack of venue.

Petitioner has also sued the wrong party by suing the Attorney General. Because this

"district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), this district is not the proper forum for petitioner's habeas claims and the complaint should be dismissed. *Monk v. Secretary of Navy*, 793 F.2d 364, 369 (D.C. Cir. 1986) ("We hold that for purposes of the federal habeas corpus statute, jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located."); *see also Thomas v. Fulwood*, 128 F. Supp. 3d 341, 345-46 (D.D.C. 2015), *aff'd* 2018 WL 3159148 (D.C. Cir. May 16, 2018) (dismissing habeas claims brought by prisoner held in South Carolina). The warden holding Petitioner cannot be found in the District of Columbia and thus, the District Court should dismiss Petitioner's petition for lack of jurisdiction. *See Guerra v. Meese*, 786 F.2d 414, 417 (D.C. Cir. 1986) ("Appellees admit that none of the wardens holding them can be found in the District of Columbia. Thus, the appellees' habeas corpus petitions must be dismissed for lack of jurisdiction.").

In attempting to establish venue for his action, petitioner states, "[v]enue is proper in the United States District of Columbia since at least one respondent resides in the district, a substantial part of the events or omissions giving rise to the claim occurred in the district, at least one respondent may be found in the district, and all respondents are either officers or employees of the United States or any agency thereof acting in their official capacities." *See* Petition at ¶ 20. However, a habeas action is subject to specific statutory limitations. See *Braden*, 410 U.S. at 484. As previously stated, the Attorney General is not the warden of the facility where Petitioner is being held and as such is an improper party. Further, pursuant to 28 U.S.C. § 2241, the proper venue over a habeas petition is the location where the petitioner's custodian is located. *Rooney v Sec'y of the Army*, 405 F.3d 1029 (D.C. Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)

7

("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction. . . . [F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). *Id* at 439, 443. And, the "[petitioner's] 'immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" *Rumsfeld*, 542 U.S. at 438; *see Monk*, 793 F.2d at 369 ("For purposes of the federal habeas corpus statute, jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located"). Moreover, even had Petition named his immediate custodian, the Petition pleads no facts to suggest that this Court has personal jurisdiction over the warden of the Warsaw, Virginia detention center where Petitioner is current housed. As such, even had Petition named the correct defendant and venue were appropriate here (which it is not), this case would still be subject to dismissal under Rules 12(b)(2). *See, e.g.*, *Monk*, 793 F.2d at 369 ("We hold that for purposes of the federal habeas corpus statute, jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located."); *see also Thomas*, 128 F. Supp. 3d at 345-46.

\* \* \*

## **CONCLUSION**

For the foregoing reasons, the Attorney General respectfully requests that this case be dismissed in its entirety.

Dated: June 21, 2022                            Respectfully submitted,

                                                MATTHEW M. GRAVES, D.C. Bar # 481052
                                                United States Attorney

                                                BRIAN P. HUDAK,
                                                Chief, Civil Division

                                                */s/ Stephanie R. Johnson*
                                                STEPHANIE R. JOHNSON
                                                D.C. Bar # 1632338
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                Civil Division
                                                601 D Street, N.W.
                                                Washington, D.C. 20530
                                                Stephanie.Johnson5@usdoj.gov

                                                *Attorneys for Respondent Merrick B. Garland*

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER JOSEPH QUAGLIN,<br><br>*Petitioner,*<br><br>v.<br><br>MERRICK B. GARLAND,<br>Attorney General, *et al.*,<br><br>*Respondents.* | Civil Action No. 22-1154 (TNM) |

### [PROPOSED] ORDER

UPON CONSIDERATION of the Attorney General's Motion to Dismiss, and the entire record herein, it is hereby

ORDERED that the Attorney General's motion is GRANTED; and it is further

ORDERED that this action is DISMISSED.

SO ORDERED:

Dated this ___ day of _____, 2022

_____
TREVOR N. MCFADDEN
United States District Judge