## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER JOSEPH QUAGLIN, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :    Civil Action No. 1:22cv01154-TNM |
| | : |
| MERRICK GARLAND, et al., | : |
| | : |
| Respondents. | : |

### REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO RESPONDENTS' MOTIONS TO DISMISS

Respondent Ted Hull, Superintendent of the Northern Neck Regional Jail, by counsel, hereby replies to Petitioner Quaglin's Consolidated Opposition (Doc. 22) to Respondents' Motions to Dismiss (Docs. 17 and 20).

**I.     The Court Construed Hull's Response as a Rule 12(b) Motion to Dismiss**

As a threshold matter, Petitioner ignores the Court's Minute Order dated June 23, 2022, wherein the Court construed "defendant Hull's [17] Answer and Response as a Motion to Dismiss Plaintiff's [1] Petition and Complaint," and ordered Petitioner to file a "consolidated response to the pending [17], [20] Motions to Dismiss." Thus, Petitioner's arguments referencing the requirements of Fed. R. Civ. P. 8 are irrelevant. Per the Court's Order, Hull satisfied Fed. R. Civ. P. 12(b), having filed a Motion to Dismiss before a required responsive pleading. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

In addition, Petitioner erroneously titles his response to Hull as an "Opposition to Respondent Ted Hull's Response." As the Court's Order sets forth, Petitioner was required to file a Consolidated response to Respondents' Motions to Dismiss.

### II.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) is Proper Given Petitioner's Failure to Exhaust Administrative Remedies

Next, the Court may properly dismiss Petitioner's Habeas Petition pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, based on his failure to exhaust available administrative remedies.

In his Opposition, Petitioner summarily states that "seeking remedy through the written policies was an exercise in futility." (Doc. 22, p. 12).  Petitioner's cursory argument does not suffice; an inmate's perception that exhaustion would be futile does not justify his failure to exhaust.  *See Mendez v. Knight*, C/A No. 5:20-20-JMC-KDW, 2021 U.S. Dist. LEXIS 136406, *11 (D.S.C. June 24, 2021); *Akins v. United States*, No. 3:04-23200-MBS-JRM, 2006 U.S. Dist. LEXIS, 24256 (D.S.C. Mar. 22, 2006), aff'd 202 F. App'x 592 (4th Cir. 2006); *Thornton v. Snyder*, 428 F.3d 690, 693 (7th Cir. 2005) (citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001)).

Further, Petitioner asserts that the Court may not consider evidence outside of the pleadings. With regard to subject matter jurisdiction, his argument is without merit.  "Plaintiffs have the burden of showing subject-matter jurisdiction, and their allegations are not presumed to be truthful."  *Bronner v. Dugan*, 249 F. Supp. 3d 27, 35 (D.D.C. 2017) (citing *Carmona v. Snow*, No. 05-1194 (JGP), 2007 U.S. Dist. LEXIS 21080 (D.D.C. Mar. 26, 2007) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 n. 16 (3d Cir. 1977))). "Indeed, the Court must give the plaintiff's allegations 'closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim.'" *Id*. (quoting *Ludvigson v. United States*, 525 F. Supp. 2d 55, 56-57 (D.D.C. 2007)).  For that purpose, the Court "may consider evidence outside of the pleadings." *Id*. (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197, 297 U.S. App. D.C. 406 (D.C. Cir. 1992); *Al-Owhali v. Ashcroft*, 279 F.

Supp. 2d 13, 21 (D.D.C. 2003)). *See Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 162 (D.D.C. 2003) (holding when a party attacks "the underlying facts contained in the complaint," the court "must weigh the allegations of the complaint and evidence outside of the pleadings in order to 'satisfy itself as to the existence of its power to hear the case.'" (quoting *Loughlin v. United States*, 230 F. Supp. 2d 26, 35 (D.D.C. 2002))).

Thus, in determining the issue of subject matter jurisdiction in the case at bar, the Court may consider the evidence pertinent to Petitioner's failure to exhaust available administrative remedies attached to Hull's Motion to Dismiss. This evidence includes Ex. 1, NNRJ Policy N-02, *Inmate Grievance*, Ex. 2, NNRJ's Grievance Log, and Ex. 3, Petitioner's Grievances. As set forth in Hull's Motion to Dismiss, Petitioner "had access to grievance forms, filed multiple grievances on different issues, navigated the process, and received timely and substantive responses. He availed himself of the full appeal procedure just once, and unilaterally chose to terminate that appeal, ceding any further issues to his attorney." (Doc. 17, p. 7).

Weighing the pertinent evidence against Petitioner's allegations, it is indisputable that he failed to exhaust "such administrative remedies as available" at Northern Neck Regional Jail before bringing suit based on the conditions of his confinement. *Booth v. Churner*, 532 U.S. 731, 737 (2001). As such, Petitioner's action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See Mendez v. Knight*, 2021 U.S. Dist. LEXIS 136406 (granting prison warden's Rule 12(b)(1) motion to dismiss based on inmate's failure to exhaust administrative remedies in consideration of grievance procedure and evidence of inmate's grievance history).

### III.     Conclusion

For these reasons and those set forth in his Motion to Dismiss, Respondent Superintendent Ted Hull, respectfully requests this Court to dismiss plaintiff's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, with prejudice.

SUPERINTENDENT TED HULL

By: _____/s/_____
          Of Counsel

Jeff W. Rosen, Esq., D.C. Bar No. 383153
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6253
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Hull*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 8th day of August, 2022, I will electronically file the foregoing ***Reply to Plaintiff's Consolidated Opposition to Respondents' Motions to Dismiss*** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Joseph D. McBride, Esq. (NY Bar #0403)
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
Phone: (917) 757-9537
jmcbride@mcbridelawnyc.com
*Counsel for Petitioner*

Stephanie R. Johnson, Esq. (D.C. Bar #1632338)
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-7874
Stephanie.Johnson5@usdoj.gov
*Counsel for Garland*

                 /s/
             Jeff W. Rosen, Esq., D.C. Bar #383153
             PENDER & COWARD, P.C.
             222 Central Park Avenue, Suite 400
             Virginia Beach, VA 23462
             Phone: (757) 490-6253
             Fax:  (757) 497-1914
             jrosen@pendercoward.com
             *Counsel for Hull*

*Quaglin v. Garland, et al.*    Case No. 1:22cv01154    PENDER & COWARD, P.C.
                                   WWW.PENDERCOWARD.COM
Page **5** of **5**