UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER JOSEPH QUAGLIN**, <br><br> Plaintiff, <br><br> v. <br><br> **MERRICK B. GARLAND**, *in his official capacity as United States Attorney General*, et al. <br><br> Defendants. | Case No. 1:22-cv-01154 (TNM) |

# ORDER

January 6 defendant Christopher Quaglin has been detained for several month pending a federal trial on felony assault and related charges. He now files a habeas challenge to the conditions of his confinement at Northern Neck Regional Jail (NNRJ). Quaglin sues the Attorney General of the United States and the NNRJ Warden, both of whom ask the Court to dismiss his challenge. As to the Attorney General, the Court grants the motion because Quaglin failed to follow certain habeas-specific procedural requirements. The Warden, however, does not raise those same objections, instead relying on factual disputes. The Court cannot resolve those disputes at this time and thus will construe the Warden's response as a motion for summary judgment to which Quaglin will have the chance to respond.

## I.

In April 2021, law enforcement arrested Quaglin for his actions on January 6. Another judge in this district ordered him into pretrial detention. *See* ECF No. 14. Over the next eight months, Quaglin rotated through five jails before ending up at NNRJ in Warsaw, Virginia. *See* Pet. and Compl. ¶ 27, ECF No. 1 (Pet.). Quaglin has resided there since December of last year.

*See id.* The criminal case against him and eight co-defendants has continued apace throughout that time. *See United States v. McCaughey*, 21-cr-40 (D.D.C.). The Court recently granted his motion to continue trial, which was due to start in about six weeks.

Quaglin now files a Petition under 28 U.S.C. § 2241 against Attorney General Merrick Garland and NNRJ Warden Ted Hull to challenge the conditions of his confinement. He raises many constitutional violations. Most notably, he says that the various facilities have denied him a gluten-free diet, aggravating his Celiac disease and causing him to lose "almost 40 pounds of body weight." Pet. ¶ 179. He also claims to have spent much of his detention in solitary confinement, a practice that he decries as "torture," *id.* ¶ 185, in violation of the Fifth and Eighth Amendment, *see id.* ¶¶ 180–94. More still, Quaglin claims that NNRJ officials monitored his calls with his attorney and erected bureaucratic barriers to keep him from meetings with his attorney. *See id.* ¶¶ 195-99. Lastly, he claims that NNRJ engaged in First Amendment retaliation against Quaglin after his attorney publicized a video recording of an attorney-client videoconference. *See id.* ¶¶ 89, 200. Quaglin seeks, among other things, release from jail to the custody of his wife, injunctive relief against the use of solitary confinement against pretrial detainees, and a court order for independent site visits of NNRJ and the D.C. Jail.

The Defendants responded in different ways to the Petition. The Attorney General moved to dismiss the Petition on the grounds that venue is improper in this district and that he is not a proper party. *See* Mot. to Dismiss, ECF No. 20 (MTD). The Warden also responded, complete with 526 pages of exhibits, *see* Response to Pet, ECF No. 17 (Warden Response), arguing that Quaglin failed to exhaust his administrative remedies and could not establish his

legal claims.  The Court construed that filing as a motion to dismiss.  *See* Min. Order, July 14, 2022.  Those motions are ripe for decision.[1]

## II.

Although challenges to the fact and duration of detention often "lie at the heart of habeas corpus," the D.C. Circuit allows prisoners to rely on 28 U.S.C. § 2241 to challenge the conditions of their confinement.  *Aamer v. Obama*, 742 F.3d 1023, 1030, 1038 (D.C. Cir. 2014).  But that does not mean detainees may bring their habeas challenges anywhere or against anyone.  The proper respondent in a habeas challenge is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *accord Chatman-Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988).  This is called the "immediate custodian rule."  *Id.*  Habeas challenges also must comply with the "habeas venue rule, which requires habeas petitions to be filed in the 'district of confinement.'"  *Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022) (quoting *Rumsfeld*, 542 U.S. at 443).

Quaglin's Petition violates both rules.  NNRJ is in the Eastern District of Virginia, not the District of Columbia.  Venue in this Court is therefore improper, as the Attorney General argues.  *See* MTD at 12-13.  He also is not the warden of NNRJ, rendering him an improper party to the habeas challenge.

Quaglin resists this straightforward analysis.  He points to habeas precedents that allow suit against the Attorney General when a detainee is "rapidly transferred" between facilities.  Consol. Opp'n to MTDs at 7, ECF No. 22 (Opp'n).  These precedents are inapt.  Quaglin might have rotated around several facilities, but he has remained at NNRJ since December 2021.  His

---

[1] The Court has subject matter jurisdiction over this habeas case under 28 U.S.C. 2241(a).

3

case thus hardly resembles the precedents he cites. For example, *Demjanjuk v. Meese* dealt with a federal detainee whose exact location was confidential. *See* 784 F.2d 1114, 1115-16 (D.C. Cir. 1986). In that "limited and special circumstance[]," the Attorney General was the custodian and a proper defendant. *Id.* at 1116. In contrast, Quaglin's location is known. And *Cau v. Lynch* does not apply either—not only is it an unpublished, out-of-circuit decision, but it expressly noted that "the unique context of [an] immigration proceeding" requires suit against the Attorney General. No. CV 15-0761-FMO (DTB), 2016 WL 1358656, at *3 (C.D. Cal. Feb. 16, 2016). Quaglin's challenge arises in no similar unique context.

Quaglin also argues that the Attorney General is a proper party because he oversees the U.S. Marshals Service, which has "immediate authority" over Quaglin's detention. Opp'n at 8. This argument goes nowhere. In *Rumsfeld*, the Supreme Court reiterated that "the immediate custodian, *not a supervisory official who exercises legal control*, is the proper respondent." 542 U.S. at 439 (emphasis added). The Court in that opinion even listed the Attorney General as a supervisory official that a detainee may not sue in habeas. *See id.* That is more than enough to reject Quaglin's argument.

Because Quaglin's petition fails the immediate custodian rule and the habeas venue rule, the Court grants the Attorney General's motion to dismiss.

The Court cannot, however, similarly dismiss the Petition against the Warden. He has raised no objection to venue. "[T]he requirement to file in the district of confinement concerns venue, not subject matter jurisdiction." *Dufur*, 34 F.4th at 1097. And a defendant can forfeit a venue objection. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Thus, a habeas respondent "forfeits [that] defense[] by failing to raise [it.]" *Dufur*, 34 F.4th at 1097.

The Warden instead argues that Quaglin failed to exhaust his administrative remedies, *see* Warden Response at 4-7, and that NNRJ provided him with "a constitutional level of care," *id.* at 9. Those are assertions contradicting the facts in Quaglin's petition. The Court cannot resolve those disputes at the motion-to-dismiss stage, when it must take as true the facts in the Petition. *See Cooper v. Pate*, 378 U.S. 546, 546 (1964) (per curiam).

The Court therefore misconstrued the Warden's response to the Petition. The Court should have construed it as a motion for summary judgment and allowed Quaglin to respond to the Warden's factual assertions. The Court corrects that error and directs Quaglin to file a response to the Warden's motion for summary judgment within 21 days of this Order.

For these reasons, it is hereby

ORDERED that Defendant Garland's [20] Motion to Dismiss is GRANTED. It is also

ORDERED that Defendant Hull's [17] Response is construed as a motion for summary judgment and Petitioner Quaglin shall respond to that motion by September 6, 2022. The Warden may reply on or before September 20, 2022.

**SO ORDERED**.

Dated: August 16, 2022

/s/
TREVOR N. McFADDEN, U.S.D.J.