IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER JOSEPH QUAGLIN,<br> Petitioner | ) ) ) ) | |
| v. | ) ) | Civ. No. 22-cv-01154 TNM |
| MERRICK GARLAND, ET AL.,<br> Respondent | ) ) ) ) | |

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND**

Comes now Petitioner Christopher Quaglin, by counsel, with this Brief in Reply to Respondent's Brief in Opposition to Petitioner's Motion to Alter or Amend.

**ARGUMENT**

**I.   Hull's response does not address the Court's clear procedural errors.**

As argued in Mr. Quaglin's Motion, the Court made several obvious clear procedural errors that substantially prejudiced Mr. Quaglin. Specifically, the Court on its own, not Hull, brought forth the motion for summary judgment in a manner that is not permitted by the Federal Rules of Civil Procedure. Accordingly, the motion that the Court granted should never have happened, and therefore, the Court must reopen the case so that a proper motion for summary judgment can be filed by Hull before the Court grants summary judgment.

On June 7, 2022, Mr. Hull filed his woefully deficient ECF No. 17 with materials outside of the pleadings attached but chose not to raise the defense of dismissal for failure to state a claim, so the Court raised the defense for him. The Court's order raising the defense was entered on June 23, just 16 days after Mr. Hull's ECF No. 17 Response was filed, giving the appearance as if the

Court reviewed the material outside of the pleadings submitted by Mr. Hull with its ECF No. 17 Response and decided that it had learned all it needed to know to dismiss the case before Mr. Quaglin even had a chance to properly review the evidence and offer a rebuttal. What should have happened was that the pleadings should have been closed and discovery should have commenced. The Court's action delayed the opening of discovery as Mr. Quaglin was forced to oppose the motion to dismiss, which assumes all of the facts in Mr. Quaglin's Petition to be true, and requires a legal argument, not a factual argument.

Mr. Quaglin raised an objection to the Court's erroneous construction of ECF No. 17 into a motion to dismiss in its Opposition to the Court's motion (ECF No. 22), and successfully argued that the Court's Motion to dismiss failed because it was based on facts outside of the pleadings. The Court agreed. Raising the defense of failure to state a claim would have been inappropriate even had Mr. Hull raised the defense himself.

Rather than deny the motion and allow the parties to proceed with discovery, on August 16, 2022, the Court ordered ECF No. 17 construed as a motion for summary judgment to which Mr. Quaglin would have 21 days to respond. By doing so, the Court violated yet another rule of procedure. As set forth in Mr. Quaglin's Motion, Rule 12(d) only allows the Court to convert two types of motions into a motion for summary judgment – a Rule 12(b)(6) and a Rule 12(c). Rule 56 does not permit the Court to file a motion for summary judgment on its own.

It was patently obvious from the substance of ECF No. 17, and from the Court's ECF No. 25 order ("The Warden, however, does not raise those same objections, instead relying on factual disputes.") that ECF No. 17 was not a Rule 12(b)(6) motion. Mr. Hull for his part, claimed when he thought it suited him that he intended ECF No. 17 as a Rule 12(b)(1) motion, which cannot be converted into a motion for summary judgment according to Rule 12(d). A Rule 12(c) motion was

never filed. Accordingly, when the Court converted ECF No. 17 into a motion for summary judgment, the Court made a clear error by doing something that the Federal Rules do not permit. The Court should have allowed discovery to proceed and waited for either party to file a motion for summary judgment.

The Court further compounded the unfairness by giving Mr. Quaglin only 21 days to respond. Even under ordinary circumstances it would have been impossible for Mr. Quaglin to obtain any meaningful discovery from the Jail run by Hull in 21 days, much less review the evidence and brief a response to a motion for summary judgment; but it was truly impossible because when the Court issued its order on August 16, 2022 converting the response to a motion for summary judgment, Mr. Quaglin was in solitary confinement, having been sent there on August 12. ECF No. 26-1. By August 23, Mr. Quaglin was in solitary confinement for 11 days, so his attorneys filed an emergency motion for preliminary injunction. For filing the motion, the Court punished Mr. Quaglin and ordered that his response for summary judgment be filed on August 26, 2022 – three days later – giving Mr. Quaglin only 10 days total to respond to Hull's motion for summary judgment, while in solitary confinement, putting the defense in the impossible position of meeting unnecessarily punitive deadlines while dealing with a life and death emergency situation.

The Court's leniency towards Mr. Hull is as inexplicable as is its punitive posture towards Mr. Quaglin. Consider how the Court assisted Hull by repeatedly resurrecting Hull's woefully deficient ECF No. 17 filing and compare that with how the Court punished Mr. Quaglin for responding to an emergency situation with a motion for preliminary injunction, and gave Mr. Quaglin only 10 days to respond to a motion to summary judgment while in solitary confinement.

Had the Court followed the Rules of Civil Procedure, the motion for summary judgment never would have happened, and the outcome for Quaglin would have been entirely different, because Quaglin would have had a reasonable amount of time to gather evidence and fairly respond to a motion for summary judgment properly filed by Mr. Hull. Instead, and as a direct consequence of the Court's action, Mr. Quaglin was suddenly and without warning given 10 days to respond, which, clearly resulted in outcome determinative prejudice.

**II.     When the facts are viewed in a light most favorably to Mr. Quaglin there are genuine disputes of material facts and therefore summary judgment should be denied.**

The Court is duty bound by the well-known legal standard for summary judgment, to "view the underlying facts and draw all reasonable inferences in favor of the non-moving party." *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989).

The underlying facts viewed in a light most favorable to Mr. Quaglin show that Mr. Quaglin is being slowly starved to death by the Jail's failure to provide food that is not cross contaminated with gluten, and that he has exhausted his remedies. The Court saw Mr. Quaglin in Court on September 29, 2022, when he weighed 165 pounds – down 50 pounds since he arrived at the Jail - and now the Jail itself admits that he has lost four pounds since then. *See* ECF No. 36-1 (Quaglin weighed 165 pounds at the hearing); ECF No. 37-2 (showing Mr. Quaglin's weight at 1:42 pm after lunchtime at 161 pounds).

Hull admits in his latest filing that Mr. Quaglin has exhausted his remedies and that the grievance process has been foreclosed to him.

> Since September 29, 2022, Quaglin has filed numerous grievances. In each instance, the appropriate NNRJ administrator responds. Quaglin appeals some of

them to Hull and chooses not to appeal others. Ex. 6, Grievances. One thing that is consistent, however, is that Quaglin's grievances continue to be repetitive. On October 17, 2022, NNRJ Deputy Superintendent Lewis informed Quaglin in writing that grievances concerning certain issues would no longer be accepted. She noted that Quaglin appealed some of his concerns to Hull, and thus the matter was resolved, and for others Quaglin chose not to appeal.

In other words, Mr. Quaglin has (1) filed multiple grievances on the same issue, (2) appealed some of them to Hull who is the FINAL authority, and (3) Hull considers the matter resolved and will no longer accept grievances on the matter. This is conclusive evidence that his remedies have been exhausted. His only remedy is the grievance process, he engaged in the process, and he was told that the process is no longer available to him. That is the very definition of exhaustion.

Hull claims that Mr. Quaglin's slow starvation is just a "game" and considers the matter closed, but this is not a game. The fact is, Mr. Quaglin's cries for help are sincere and Mr. Hull is deliberately indifferent to those cries and is allowing Mr. Quaglin to starve. This genuine issue of material fact by itself warrants the denial of summary judgment so that the adversarial discovery process can play itself out.

The new evidence and the Court's clear procedural errors provide the Court an opportunity to reopen this case. Mr. Quaglin's case is compelling, as his very life is at stake. If this Motion is denied, Mr. Quaglin will have no choice but to appeal, which will cost resources and more importantly time that Mr. Quaglin does not have. Meanwhile, Mr. Quaglin will continue to needlessly suffer in Mr. Hull's custody, with no hope of relief or recourse from the Jail, as the Jail has closed the grievance process to him.

## CONCLUSION

The Court made clear procedural errors in arriving at its decision to grant summary judgment, and but for those errors, summary judgment would not have been granted. The Court

also has been provided with new evidence that show a genuine issue of material fact which, by itself, warrants the denial of summary judgment.

      WHEREFORE, for the foregoing reasons, Petitioner Quaglin respectfully requests that the Court grant his Motion to Alter or Amend the Order Granting Summary Judgment, and reopen the case so that discovery may proceed and both parties have a fair chance to present supporting evidence.

Dated: November 11, 2022                        Respectfully submitted,

                                                  /s/Jonathan Gross
                                                  Bar ID: MD0162
                                                  2833 Smith Ave. Suite 331
                                                  Baltimore, MD 21209
                                                  (443) 813-0141
                                                  jon@clevengerfirm.com

                                                  /s/ Joseph D. McBride, Esq.
                                                  Bar ID:  NY0403
                                                  THE MCBRIDE LAW FIRM, PLLC
                                                  99 Park Avenue, 6th Floor
                                                  New York, NY 10016
                                                  p: (917) 757-9537
                                                  e: jmcbride@mcbridelawnyc.com
                                                  *Counsel for the Defendant*

## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on November 11, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

                                        /s/Jonathan Gross